[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13505
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00062-CV-RDP

LATANYA MCCASLIN,

Plaintiff-Appellant,

versus

BIRMINGHAM MUSEUM OF ART,
GAIL ANDREWS,
Director, BMA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 22, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

LaTanya McCaslin, proceeding *pro se*, appeals the district court's grant of

summary judgment in favor of defendants, Birmingham Museum of Art ("BMA")

and its Director, Gail Andrews,[1] on her claims for racial discrimination and

retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. §§ 2000e-2(a) and 2000e-3(a). On appeal, McCaslin argues that the district

court erred in granting summary judgment to defendants by (1) adopting

defendants' factual allegations and failing to acknowledge potential genuine issues

of material fact; (2) finding that she could not satisfy a *prima facie* case of racial

discrimination, and alternatively, could not show that the defendants' legitimate

non-discriminatory reason was pretextual; and (3) finding that she could not satisfy

a *prima facie* case of retaliation.

We review a district court's grant of summary judgment *de novo*. *Holloman*

*v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). "Summary judgment is

appropriate when the evidence, viewed in the light most favorable to the

---

[1]In granting summary judgment in favor of Andrews, the district court found that Andrews was not a proper defendant. We need not separately address the summary dismissal of Andrews because even when liberally construing McCaslin's brief, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), McCaslin still fails to raise a specific argument challenging Andrew's dismissal on appeal and, accordingly, has abandoned this issue. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998). Nevertheless, even if Andrew's dismissal was improper, any error in that regard would have been harmless because, as discussed below, McCaslin cannot ultimately show that she faced racial discrimination or retaliation by any defendant. *See* Fed. R. Civ. P. 61.

2

nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." *Id.* at 836-37 (internal citations omitted).

## I. Genuine Issues of Material Fact

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "The movant bears the initial responsibility of informing the district court of the basis for its motion by identifying those portions of the record that demonstrate the absence of genuine issues of material fact." *Baldwin County v. Purcell Corp.*, 971 F.2d 1558, 1563 (11th Cir. 1992) (quotation omitted).

Once the movant satisfies this responsibility, the burden shifts to the nonmoving party to rebut the movant's showing with sufficient evidence. *Id.* The nonmoving party must provide more than a "mere scintilla of evidence" to survive such a motion and there must be "sufficient disagreement" in evidence to support a jury question. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1244 (11th Cir. 1999) (*en banc*) (quotations omitted). Likewise, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of

3

*material* fact." *Baldwin County*, 971 F.2d at 1563 (quotation omitted). Finally, the "non-moving party's failure to prove an essential element of a claim renders all factual disputes as to that claim immaterial and requires the granting of summary judgment . . . ." *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1247 (11th Cir. 1999).

Here, McCaslin generally asserts that the district court erred in granting summary judgment for the defendants because the court adopted facts contrary to her evidentiary submissions and failed to resolve genuine issues of material fact. While the district court did appear to have adopted, without elaboration, the defendants' version of the facts over McCaslin's, the district court's reliance on the defendants' factual submissions was not erroneous. Most of McCaslin's allegations that she offered to prove the essential elements of her claims were unsupported by the record and thus, any factual inconsistencies were immaterial. *See Herzog*, 193 F.3d at 1247. Specifically, McCaslin failed to rebut defendants' showing that the BMA was a city department of Birmingham because, contrary to her allegations, McCaslin's own evidentiary submissions supported this finding. Furthermore, as discussed in context below, McCaslin failed to sufficiently rebut defendants' showing that she neither applied for the position of Assistant Curator of Education, nor that she was a qualified candidate. While McCaslin did

4

sufficiently rebut defendants' allegation that she had only limited volunteering experience with the BMA, even when construing this fact in McCaslin's favor, this nevertheless did not create a genuine issue of material fact. *See Herzog*, 193 F.3d at 1247.

## II.    Title VII Racial Discrimination

Title VII makes it unlawful for an employer to "fail or refuse to hire . . . any individual" based on, among other things, "such individual's race." 42 U.S.C. § 2000e-2(a)(1). In evaluating a Title VII disparate treatment claim supported by circumstantial evidence, as here, we use the Supreme Court's burden-shifting framework as described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). Under this framework, the plaintiff in a race discrimination failure-to-hire case has the burden of establishing a *prima facie* case of disparate treatment, which she can do by showing that (1) she is a member of a protected class; (2) she applied and was qualified for a position that the defendant was seeking to fill; (3) despite her qualifications, she was rejected; and (4) the position was filled with an individual outside of her protected class. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005).

If, however, an employer fails to announce a position formally and instead

5

uses informal and subjective procedures to identify a candidate, then a plaintiff need not show that she applied for the position. *Id.* at 768. Rather, she only has to prove that the employer had "some reason" to consider her for the position. *Id.*

If a *prima facie* case is established, the employer has the burden to articulate a legitimate non-discriminatory reason for the employment decision. *McDonnell Douglas Corp.*, 411 U.S. at 802-03, 93 S. Ct. at 1824. Once an employer articulates a legitimate non-discriminatory reason, the plaintiff, in order to survive a motion for summary judgment, must show that the proffered reason was a pretext for discrimination. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255-56, 101 S. Ct. 1089, 1095 (1981).

Here, the district court did not err in granting summary judgment in the defendant's favor on her race discrimination claim because McCaslin failed to satisfy the second prong a *prima facie* case of race discrimination. McCaslin failed to apply for the position of Assistant Curator of Education. Specifically, McCaslin "applied" for the position of "Slide Organizer" in a 1999 letter to Andrews. The position at issue here, Assistant Curator of Education, was not created until seven years *after* McCaslin expressed interest. As the district court properly concluded, it is unreasonable to infer that McCaslin's 1999 letter to the BMA was an application for a position filled almost seven years later.

6

McCaslin contends that the BMA hired the Assistant Curator of Education candidate without advertisement or competition, and therefore, in order to establish a *prima facie* case, she need not prove that she applied, only that the BMA had some reason to consider her for the position. *See Vessels*, 408 F.3d at 768. Indeed, the record indicates that the BMA created the position solely for the candidate upon her completion of a master's degree. However, even if we were to construe this hiring procedure as informal and subjective, McCaslin still fails to satisfy the modified second prong of a *prima facie* case of racial discrimination because she is nevertheless unqualified to be a candidate for the position. *See id.*

The record reflects that all of the curators employed by the BMA have earned a master's degree, at minimum. Alternatively, while McCaslin attended the University of Alabama at Birmingham ("UAB") and studied Art History, she never received an undergraduate degree from UAB or any other university. McCaslin counters by asserting that a degree was not required to be a curator for the BMA because the BMA recently gave a high school student group the title of "BMA Curators." However, bestowing an honorary title of "Curator" on an unpaid group of student volunteers is considerably different than actually hiring them to be curators in charge of initiating and administering the BMA's public programs. Accordingly, McCaslin does not possess the requisite qualifications that would

7

give the BMA some reason to consider her for the position of Assistant Curator of Education.

Furthermore, we need not make a determination of whether the defendants' had a legitimate, non-discriminatory reason for hiring another individual for the position because McCaslin failed to establish a *prima facie* case of racial discrimination. *See McDonnell Douglas Corp*, 411 U.S. at 802-03, 93 S. Ct. at 1824. Therefore, we hold that the district court did not err in granting summary judgment in favor of the defendants on McCaslin's racial discrimination claim.

## III. Title VII Retaliation

The anti-retaliation provision of Title VII prohibits an employer from discriminating against an employee for opposing an unlawful employment practice or making a charge of discrimination. 42 U.S.C. § 2000e-3(a). The term "employees," as used in the anti-retaliation provision of Title VII, includes former employees. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346, 117 S. Ct. 843, 849 (1997).

To establish a *prima facie* case of retaliation, a plaintiff must prove that (1) she engaged in protected activity under Title VII; (2) she suffered a materially adverse action; and (3) there was a causal connection between the two events. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008)

(citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2410-16 (2006)).

Here, the district court did not err in granting summary judgment in the defendants' favor as to McCaslin's retaliation claim. The district court noted that McCaslin had failed to make "allegations of protected conduct under Title VII, other than her EEOC charge." DC Opinion at 11. Notwithstanding this clear warning from the district court, McCaslin's brief on appeal fails to point to any protected conduct at all. Assuming *arguendo* that McCaslin has not abandoned her retaliation claim, and assuming that her 2007 EEOC charge is the protected conduct upon which she relies, her brief fails to point to any adverse employment actions occurring thereafter which could remotely make out a viable retaliation claim. To establish an adverse employment action, "an employee must show a *serious and material* change in the terms, conditions, or privileges of employment . . . . as viewed by a reasonable person in the circumstances." *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001). Indeed, it is undisputed that McCaslin has not been an employee of BMA since the 2007 EEOC filing. Moreover, McCaslin has failed to show any tangible adverse effect on her prospective employment with other employers.

Therefore, we hold that the district court did not err in finding that McCaslin

9

failed to satisfy a *prima facie* case of retaliation and awarding summary judgment

to the defendants on this claim.

   **AFFIRMED.**[2]

---

[2] Appellant's motion to supplement the record with statements made by defendants during mediation is DENIED.  Appellant's request for oral argument is DENIED.