[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11626

_____

D.C. Docket No. 2:16-cv-00842-VEH

ANITA SMITH,

Plaintiff - Appellant,

versus

VESTAVIA HILLS BOARD OF EDUCATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 5, 2019)

Before MARCUS, JULIE CARNES and KELLY,* Circuit Judges.

PER CURIAM:

_____
*Honorable Paul J. Kelly, Jr., United States Circuit Judge for the Tenth Circuit, sitting by
designation.

Plaintiff-Appellant Anita Smith appeals from the district court's grant of summary judgment in favor of Defendant-Appellee Vestavia Hills Board of Education on her employment discrimination claims. Smith v. Vestavia Hills Bd. of Educ., No. 2:16-CV-842-VEH, 2018 WL 1408537 (N.D. Ala. 2018). Our jurisdiction to review the judgment arises under 28 U.S.C. § 1291, and we affirm.

# I

Ms. Smith, an African American woman of approximately 52 years of age, was hired by the Vestavia Hills Board of Education (the "Board") prior to the start of the 2013–2014 school year. In her role as secretary/registrar at Vestavia Hills High School ("VHHS"), Ms. Smith carried out administrative duties typical of an office receptionist. Her assigned work hours were from 7:00 a.m. to 3:00 p.m. and, given the high visibility of her desk in the school's main office, it was imperative that her station be continuously covered during these hours. When Ms. Smith was not at her desk, a student office aide or office employee needed to cover for her.

The Board renewed Ms. Smith's contract for the 2014–2015 school year and hired Tim Loveless as the new VHHS principal. At the start of the year, Mr. Loveless was informed that a number of staff members had tardiness issues. After reviewing staff timecards, he noticed that Ms. Smith had been consistently late to work since her employment began. He continued monitoring her timecard, as well as the timecards of other habitually tardy staff members, throughout the remainder

2

of the school year.  By April 2015, Ms. Smith's timecard showed that she had been late to work 87% of the time during her two years of employment.

In April 2015, Mr. Loveless completed his evaluation of Ms. Smith.  He rated her overall performance as "Meets or Exceeds Requirements," but noted that her punctuality needed improvement.  Ms. Smith agreed with his assessment yet, in the 13 days following her evaluation, she was late 10 times.  At the end of the school year, Mr. Loveless recommended that the Board not re-hire Ms. Smith.  The Board subsequently voted to terminate her employment.

Throughout the remainder of 2015 and into 2016, Ms. Smith applied for a number of open positions throughout the Vestavia Hills City School System.  She was not hired for any of the positions to which she applied.

Ms. Smith sued the Board in district court for racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, et seq., 42 U.S.C. § 1981, and 42 U.S.C. § 1983; age discrimination, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34 (the "ADEA"); and retaliation, in violation of Title VII, Section 1981, and the ADEA.  Only the race and age discrimination claims remain on appeal.

The district court granted summary judgment in favor of the Board.  As relevant on appeal, the court analyzed Ms. Smith's race and age discrimination

claims under the burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and made two specific findings.  First, the court found that Ms. Smith failed to present a prima facie case of racial discrimination as to her termination because she did not provide proper comparators.  Second, the court determined that Ms. Smith could not fulfill her McDonnell Douglas burden on her failure-to-hire claim based on impermissible race and age discrimination. The court stated that, even assuming Ms. Smith had established the necessary presumption of discrimination, the Board properly rebutted that presumption with race- and age-neutral rationales for its decision, which Ms. Smith failed to show were pretextual.  Accordingly, the district court found that Ms. Smith was unable to show that there were genuine issues for trial and granted summary judgment in the Board's favor.

Ms. Smith appeals the district court's decisions regarding (1) her termination from the VHHS position based on race discrimination, and (2) the Board's failure-to-hire her based on race and age discrimination.  She argues that the district court (a) misapplied summary judgment standards by resolving factual disputes and drawing inferences in favor of the Board, (b) ignored evidence of disparate discipline given white comparators who committed similar misconduct, and (c) improperly relied on the McDonell Douglas framework because it was supplanted

4

by the 1991 amendments to Title VII, specifically by the provision applying to mixed motive cases, 42 U.S.C. § 2000e-2(m).

We review the district court's grant of summary judgment de novo. Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1263 (11th Cir. 2010). Evidence is construed in the light most favorable to the non-moving party and, if no genuine issue of material fact exists, then "the moving party is entitled to judgment as a matter of law." Id. at 1263–64. The district court's judgment may be affirmed for any reason supported by the record. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001).

## II

Ms. Smith alleges racial discrimination pertaining to her termination under Title VII and Section 1981. The legal elements of these two claims are identical. Stallworth v. Shuler, 777 F.2d 1431, 1433 (11th Cir. 1985). To prove impermissible racial discrimination, an employee must show that an adverse employment action was related to an employer's discriminatory animus toward the employee's race. Stimpson v. City of Tuscaloosa, 186 F.3d 1328, 1331 (11th Cir. 1999).

Discrimination may be established through either direct or circumstantial evidence. Alvarez, 610 F.3d at 1264. At the summary judgment stage, single-motive cases based on circumstantial evidence are primarily evaluated under the

5

McDonnell Douglas burden-shifting framework.  Quigg v. Thomas Cty. Sch. Dist.,

814 F.3d 1227, 1237 (11th Cir. 2016).  This analysis first requires that the

employee establish a prima facie case of discrimination by showing that (1) she is

a member of a protected class; (2) she is qualified for the position; (3) she was

subjected to an adverse employment action; (4) and the employer treated a

similarly situated employee outside of the protected class more favorably.  Smith

v. Lockheed-Martin Corp., 644 F.3d 1321, 1325 (11th Cir. 2011).  The similarly

situated employee is referred to as the "comparator."  Id. at 1326.

Once an employee establishes a prima facie case of discrimination, the

burden of production shifts to the employer to articulate and produce evidence of a

legitimate, nondiscriminatory reason for the adverse employment action.  Alvarez,

610 F.3d at 1264.  If the employer is able to do so, the burden shifts back to the

employee to show that the proffered reason is actually pretext for discrimination.

Id.

Alternatively, an employee may succeed on a racial discrimination claim

under a mixed-motive theory if she can show that "illegal bias . . . was a

motivating factor for an adverse employment action, even though other factors also

motivated the action."  Quigg, 814 F.3d at 1235 (quoting 42 U.S.C. § 2000e–

2(m)).  Mixed-motive claims are not evaluated under McDonnell Douglas.  Id. at

1237.  Instead, the employee need only show that the (1) employer took an adverse

6

employment action against her, and (2) a protected characteristic was a motivating factor for that decision.  Id. at 1239.

Here, the district court properly concluded that Ms. Smith's claims of racial discrimination pertaining to her termination proceeded under a single-motive theory, and thus correctly applied the McDonnell Douglas framework.  "Where . . . a[n employee] puts forth only circumstantial evidence in support of [her] discrimination claims," the McDonnell Douglas framework generally applies.  Benjamin v. SNF Holding Co., 602 Fed. Appx. 758, 762 (11th Cir. 2015).[1]  And while circumstantial evidence may also be relevant under a mixed-motive theory, a plaintiff cannot make only a "passing reference to a mixed-motive theory" to sufficiently raise the issue.  Keaton v. Cobb Cty., No. 08–11220, 2009 WL 212097, at *10 (11th Cir. Jan. 30, 2009).  The district court's analysis was thus proper for two reasons.  First, Ms. Smith did not plead or prove a mixed-motive case.  She does not suggest that unlawful bias, in addition to other factors, motivated the adverse actions.  Rather, she presents a pretext case and claims that unlawful bias was the true reason for her termination.  See Quigg, 814 F.3d at 1235 (differentiating between mixed-motive and single-motive cases).  Second, we agree with the Board that a single-motive case is not transformed into a mixed-motive

---

[1] Although not precedential, we find the reasoning of this and the other unpublished opinions cited in this opinion to be instructive.  See Fed. R. App. 32.1.

case merely because the employer raises a legitimate, non-discriminatory reason for its actions. Were the rule as Ms. Smith construed it, every case would be a mixed-motive case, and the McDonnell Douglas framework would be irrelevant. Aplee. Br. at 26. Accordingly, we find that the district court correctly analyzed Ms. Smith's case under the single-motive, McDonnell Douglas framework.

We also find meritless Ms. Smith's contentions that the district court (1) misapplied summary judgment standards, and (2) improperly relied on the McDonell Douglas framework in light of the 1991 amendments to Title VII. We agree with the Board that the district court's factual findings are supported by the record, and that inferences arising from disputed facts were construed in Ms. Smith's favor. Moreover, we have relied on the McDonnell Douglas framework to evaluate single-motive employment discrimination claims at the summary judgment stage for decades. The 1991 amendments to Title VII did not do away with the single / mixed motive distinction as Ms. Smith claims and we reject her argument that the "motivating factor test" is the proper analytical framework.

Further, the district court properly held that Ms. Smith failed to provide a proper comparator under McDonnell Douglas. "[A] plaintiff asserting an intentional-discrimination claim under McDonnell Douglas must demonstrate that she and her proffered comparators were 'similarly situated in all material respects.'" Lewis v. City of Union City, 918 F.3d 1213, 1224 (11th Cir. 2019)

8

[Lewis II] (en banc).  Here, none of the comparators offered by Ms. Smith needed their desks covered at all times throughout the workday.  But desk coverage was a critical component of Ms. Smith's job.  Her desk was in a central location in the main office, and her job duties included handling all calls and office visitors.  It was so important that someone be at Ms. Smith's desk from 7:00 a.m. until 3:00 p.m. that another main office employee needed to fill in for her when she was late to work or on lunch.  As Ms. Smith failed to provide a comparator whose role also required continual desk coverage, and thus a comparator "similarly situated in all material respects," the district court properly concluded that she failed to establish a prima facie case of racial discrimination under McDonnell Douglas.[2]  Accordingly, summary judgment in favor of the Board was appropriate.

### III

Ms. Smith also alleged a failure-to-hire claim based on race and age discrimination.  Ms. Smith's race discrimination claim in the failure-to-hire context also proceeds under Title VII and Section 1981.  Her age discrimination claim proceeds under the ADEA, which prohibits employment discrimination against individuals who are at least 40 years of age.  29 U.S.C. § 623(a).

---

[2] Likewise, we reject Ms. Smith's argument that, pursuant to Smith v. Lockheed-Martin Corp., 644 F.3d 1321 (11th Cir. 2011), she has nonetheless presented evidence of discrimination sufficient to create a jury question.  The circumstantial evidence asserted here falls well short of painting a convincing mosaic of discrimination that would allow a reasonable jury to infer intentional discrimination.  See Smith, 644 F.3d at 1328.

9

The McDonnell Douglas burden-shifting framework applies to failure-to-hire claims where only circumstantial evidence of race or age discrimination is alleged.  Trask v. Sec'y., Dep't of Veterans Affairs, 822 F.3d 1179, 1191 (11th Cir. 2016).  To prove a prima facie case in the failure-to-hire context, the plaintiff must demonstrate that (1) she was a member of a protected class; (2) she applied to and was qualified for an available position; (3) she was not hired; and (4) the position remained open or was filled by another person outside of her protected class.  EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1273 (11th Cir. 2002).

While Ms. Smith made a prima facie showing of race and age discrimination, she ultimately failed to meet her burden under McDonnell Douglas.  Once "a prima facie case is established, the employer has the burden to articulate a legitimate non-discriminatory reason for the employment decision."  McCaslin v. Birmingham Museum of Art, 384 Fed. Appx. 871, 874 (11th Cir. 2010).  To survive summary judgment, the plaintiff must then "show that the proffered reason was a pretext for discrimination."  Id.  Here, Ms. Smith failed to show that the Board's reasons for hiring other applicants over her were merely pretext for discrimination.  At best, Ms. Smith brought forward evidence that she was more qualified than other applicants but this evidence alone is not sufficient to show that the Board's reasons for hiring other applicants were mere pretext to mask race or age bias.  See Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir.

10

2005).  Accordingly, Ms. Smith failed to fulfill her shifted burden under

McDonnell Douglas and summary judgment in the Board's favor was appropriate.

## IV

The district court did not err in granting summary judgment in favor of the

Board.

**AFFIRMED.**